# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY LAYMONE SANDERS, | ) |
|     Defendant/Movant, | ) |
| | ) Case No. CIV-16-223-RAW |
| v. | ) |
| | ) Criminal Case No. CR-01-15-RAW |
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff/Respondent. | ) |

## ORDER

In March of 2001, a grand jury charged Defendant Bobby Laymone Sanders (hereinafter "Defendant") with Count One: Felon in Possession of a Firearm (Norinco SKS 7.62x39mm rifle), in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2; Count Two: Felon in Possession of a Firearm (Lorcin L22 .22 caliber pistol), in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2; Count Three: Felon in Possession of a Firearm (F.I.E. model SB 12 gauge sawed off shotgun), in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2; Count Four: Possession of an Unregistered Firearm (the FIE sawed off shotgun), in violation of 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2; and Count Five: Possession of a Firearm During a Crime of Violence (the possession of the unregistered sawed off shotgun referenced in Count Four), in violation of 18 U.S.C. §§ 924(c)(1) and 2. [CR Doc. 1].

The parties entered into an oral Rule 11(e)(1)(C) plea agreement. Defendant pleaded guilty to Counts One, Three, and Five, with an agreed upon sentence of 300 months, and the Government dismissed Counts Two and Four. [CR Doc. 20]. The 25-year sentence was apportioned as follows: 180 months (15 years) on each of Counts One and Three, to run concurrently, and 120 months (10 years) on Count Five to be served consecutively to Counts One and Three. *Id*. at 2.

On May 12, 2016, Defendant, proceeding through counsel, petitioned the Tenth Circuit for authorization to file a successive 28 U.S.C. § 2255 motion challenging his 2001 conviction and sentence. He sought to argue that, after *Johnson v. United States*, 135 S.Ct. 2551 (2015), one of his three predicate convictions was no longer a violent felony under the Armed Career Criminal

Act ("ACCA"). The Tenth Circuit granted Defendant authorization to file a successive § 2255 motion based on *Johnson*,[1] and on May 27, 2016, Defendant filed his authorized successive § 2255 with this court. [CIV Doc. 1]. Then, on June 16, 2016, Defendant sought authorization from the Tenth Circuit to file a second *Johnson*-based claim, this time challenging his 18 U.S.C. § 924(c) conviction on the basis that possession of a sawed off shotgun can no longer constitute the underlying crime of violence for the § 924(c) charge. The Tenth Circuit abated the case pending further order.[2] The Government filed a motion to stay proceedings in district court pending the Tenth Circuit's resolution of Case No. 16-7048, and this court granted the Government's motion. [CIV Docs. 9, 10].

On November 27, 2019, the Tenth Circuit lifted the abatement and granted Defendant authorization to file a successive § 2255 motion in district court challenging his § 924(c) conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019). [CIV Doc. 18]. Thereafter, on December 3, 2019, the district court lifted the stay and directed the Government to respond to Defendant's § 2255 motion no later than December 17, 2019. [CIV Doc. 19]. Defendant then filed an amendment to his motion, as well as a supplemental brief. [CIV Docs. 20, 21]. Given the recent filings, the Government moved for an extension of time in which to respond, which this court granted. [CIV Docs. 22, 23]. The Government's response deadline was extended to January 17, 2020. [CIV Doc. 23].

Next, on December 20, 2019, Defendant filed a supplement to his § 2255 brief and a motion for release from custody. [CIV Docs. 24, 25]. On January 3, 2020, the Government filed its response in opposition to the motion for release from custody. [CIV Doc. 26]. The motion for release from custody remains pending. Lastly, on January 17, 2020, the Government filed its response to Defendant's § 2255 motion. [CIV Doc. 30].

The Government now concedes that *Johnson* is applicable to Defendant's sentence and that the ACCA enhancement no longer applies. [CIV Doc. 30 at 5]. According to the Government, Defendant no longer has three prior convictions that qualify as ACCA predicate offenses post-

---

[1] *See* Order filed May 13, 2016, in Appellate Case No. 16-7036
[2] *See* Order filed June 24, 2016, in Appellate Case No. 16-7048.

*Johnson*. *Id*. at 5-15. Moreover, in light of *Davis*, the Government concedes that Defendant's conviction pursuant to 18 U.S.C. § 924(c)(1) is no longer valid. *Id*. at 5, 15-20. This court agrees.

Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [CIV Doc. 1], as supplemented and amended [CIV Docs. 20, 21, 24], is hereby GRANTED. Defendant no longer has three prior convictions that qualify as ACCA predicate offenses. Furthermore, in light of *Davis*, the conviction and sentence for Count Five shall be vacated. Defendant is entitled to immediate release from custody, and the court hereby directs the United States Probation Office to amend the Presentence Report and to amend the Judgment to reflect a sentence of time served, to be followed by 36 months of supervised release. All other terms and conditions of Defendant's sentence imposed on August 15, 2001, shall remain in effect. *See* Original Judgment [CR Doc. 20] in Criminal Case No. CR-01-15-RAW. Defendant's motion for immediate release [CIV Doc. 25] is DENIED AS MOOT.

It is so ordered this 23rd day of January, 2020.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA